**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

KATHLEEN REHAK and CHRISTOPHER BURNEY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WALMART INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,

Defendants.

Case No. 2:26-cv-00949

**NOTICE OF REMOVAL**

[Clerk's Action Required]

**TO: CLERK OF THE COURT**

**AND TO: PLAINTIFFS KATHLEEN REHAK and CHRISTOPHER BURNEY; and THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Defendant Walmart Inc. ("Walmart") hereby removes this action from the King County Superior Court to the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimal diversity exists under the Class Action Fairness Act ("CAFA"), there are over 100 members in the putative class, and the amount in controversy exceeds five million dollars ($5,000,000.00).



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Walmart denies the Plaintiffs' allegations and denies that Plaintiff or any class member is entitled to any relief whatsoever, and files this Notice without waiving any defense. Walmart reserves the right to present evidence to support the allegations in this Notice if the Court's jurisdiction is questioned.

This Notice of Removal is supported by the Declaration of E. Ashley Paynter, attorney for Walmart ("Paynter Decl."), a true and accurate copy of the Class Action Complaint attached as Exhibit 1, and Walmart's statements of facts and arguments below.

## I. BACKGROUND

1. On February 17, 2026, Plaintiffs filed a Class Action Complaint in the Superior Court for the State of Washington, County of King, entitled *Kathleen Rehak and Christopher Burney v. Walmart Inc. and DOES 1-20*, Case No. 26-2-05974-8 KNT (hereafter, the "State Court Litigation").

2. Plaintiffs purport to represent the following putative class (the "Class"):

> All current and former Washington employees of Walmart Inc who earned less than twice the applicable minimum hourly wage from February 17, 2023, through the date of certification of the Class.

Ex. 1, ¶ 31.

3. On behalf of themselves and the Class, Plaintiffs seek $5,000 in statutory damages per putative class member, based on allegedly being restricted from having additional jobs, supplementing income by working for another employer, working as an independent contractor, or being self-employed, all in alleged violation of RCW 49.62.070. Ex.1 ¶¶ 39-47. Plaintiffs also claim an award of attorneys' fees under RCW 49.62.080, pre- and post-judgment interest, injunctive, and declaratory relief. *Id.* ¶¶ 47-48.

4. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Plaintiffs' Class Action Complaint ("Complaint") is attached as Exhibit 1 to this Notice of Removal and as Exhibit 1 to the Paynter Declaration, at ¶ 2.



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

5. True and accurate copies of the Summons, Case Information Cover Sheet, and Order Setting Civil Case Schedule are attached to as Exhibits 2-4 to the Paynter Declaration.

6. On February 18, 2026, Walmart was served with the Summons and Complaint. *See Id.* at Ex. 5.

7. On March 4, 2026, Adam T. Pankratz, E. Ashley Paynter, and Lauren S. Titchbourne filed their Notice of Appearance in the State Court Litigation, followed by an Amended Notice of Appearance in the State Court Litigation filed on March 5, 2026. *Id.* at Exs. 6-7.

8. The forgoing Exhibits 1-7 constitute all of the process, pleadings, and orders either served upon Walmart or filed in the State Court Litigation as of the date of this Notice. *Id.* at ¶ 9.

9. The deadline for Walmart to remove this action has not expired because Walmart received the Summons and Complaint on February 18, 2026. as not voluntarily invoked or submitted to the jurisdiction of King County Superior Court of the State of Washington.[1] *Id.* at ¶ 10.

## II. VENUE

10. As noted, this case was originally filed in the Superior Court for the State of Washington, King County, which makes venue proper in the United States District Court for the Western District of Washington. *See* 28 U.S.C. § 128(b); 28 U.S.C. § 1441(a).

## III. TIMELINESS OF REMOVAL

11. This removal is timely because Walmart is filing it within thirty (30) days of service of the Summons and Complaint upon Walmart on February 18, 2026. See 28 U.S.C. §§ 1446(b) and 1453; *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)

---

[1] Walmart does not concede that this Complaint is determinant as to the amount in controversy or that it was obligated to remove this matter within 30 days of service of the summons and complaint under applicable law.



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

(holding that the 30-day removal period begins to run upon service of the summons and complaint). No previous Notice of Removal has been filed.

## IV. THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION

12. This lawsuit is a putative class action. Removal under CAFA is proper under 28 U.S.C. §§ 1441, 1446, and 1453 because (1) minimal diversity of citizenship exists between Walmart and Plaintiffs; (2) there are over 100 members in the putative Class; and (3) the Complaint places in controversy more than $5 million, excluding interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Walmart denies the allegations of the Complaint, denies that Plaintiffs or putative class members are entitled to any relief whatsoever, and denies that the action meets the requirements of a class action. However, based on the allegations of the Complaint and preliminary investigation into class allegations, all CAFA jurisdictional requirements are met here.

### A. Minimal Diversity of Citizenship Exists Between Walmart and Plaintiffs.

13. Only minimal diversity is needed to establish diversity under CAFA. A removing party only need show that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) ("[U]nlike other civil actions, where there must be complete diversity between named plaintiffs and defendants, CAFA requires only what is termed 'minimal diversity.'").

14. Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because Plaintiffs and Walmart are citizens of different states.

#### 1. *Plaintiffs are Citizens of Washington State.*

15. "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, Citizenship is determined by an individual's domicile when suit was filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Domicile is determined by a person's 1) state of residence, and 2) intent to remain or return. *Adams v. W. Marine Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020); *see also Adams v. West Marine*



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

*Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (person's residence constitutes some evidence of domicile). "A party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Id.* (internal quotation omitted).

16. In the Complaint, Plaintiff Rehak alleges she "was employed by Defendant in Washington" and "resides in Benton County, Washington." Ex. 1, ¶ 16.

17. Similarly, Plaintiff Burney alleges that he "was employed by Defendant in Washington" and that he "resided in King County, Washington." *Id.* ¶ 17.

18. Plaintiffs' respective residence and employment in Washington creates the presumption of Washington domicile and they are, therefore, both citizens of the State of Washington for removal. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (citing *Lew*, 797 F.2d at 751).

19. Walmart's investigation of the case to date leads it to understand that least one of the putative class members resides in, is domiciled in, in and works for Walmart in Washington State as of the time of this filing. Thus, at least one putative class member is a citizen of Washington.

**2. *Walmart is not a Citizen of Washington State.***

20. Walmart is a corporation. "For purposes of diversity, a corporation is a citizen of its state of incorporation and of the state where its principal place of business (i.e., its 'nerve center') is located." *Robertson v. GMAC Mortg., LLC*, 640 F. App'x 609, 611 (9th Cir. 2016) (citing 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)).

21. Walmart is incorporated in the State of Delaware, and is headquartered in Bentonville, Arkansas, with its primary office and principal place of business in the State of Arkansas. The majority of Walmart's executives and administrative functions, including operations management, human resources, finance, information technology, business operations,


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

and its legal and marketing functions, are based out of its headquarters in Arkansas. Therefore, at all material times, Walmart was and is a citizen of Delaware and Arkansas.

22. Courts disregard the citizenship of fictitiously named "Doe" defendants for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

23. As Plaintiffs and Walmart are citizens of different states, minimal diversity is satisfied. In fact, although not required for CAFA, complete diversity is also satisfied.

**B. Putative Class Membership Exceeds 100 Individuals.**

24. The requirement under CAFA that a proposed class be no less than 100 members is satisfied because Plaintiffs' putative class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5).

25. Plaintiffs define the Class to include all current and former Walmart employees who worked in Washington and earned less than twice the applicable state hourly minimum wage, from July 28, 2022, through the date of class certification. Ex. 1, ¶ 31. Walmart reserves the right to oppose class certification and to dispute Plaintiffs' class definition. Based on the Class definition, however, a preliminary examination suggests the putative Class includes more than 1,000 current and former Walmart employees who worked in Washington making less than twice the applicable state minimum hourly wage. Thus, the putative Class contains more than 100 members.

**C. The Amount in Controversy Exceeds $5,000,000.**

26. Claims of individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs for CAFA jurisdiction. 28 U.S.C. § 1332(d)(6).

27. A notice of removal need only show "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90. There is no presumption against removal in cases invoking CAFA because Congress intended to "facilitate adjudication of certain class actions in federal court." *Id.* at 87. Instead, "CAFA should be read with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929 (9th Cir. 2015) (internal quotations omitted).

28. Where, as here, Plaintiffs have not pled any amount of damages they seek through their Complaint, the Court can consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement.[2] *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The burden of showing the amount-in-controversy meets the federal jurisdictional threshold "is not a daunting one. . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021).

29. While Walmart denies Plaintiffs' factual allegations and further denies that they and the putative Class they seek to represent are entitled to any relief whatsoever, Plaintiffs' allegations have put into controversy an amount "more likely than not" in excess of the $5 million

---

[2] This Notice of Removal only addresses the nature and amount of damages the Complaint places in controversy. Walmart refers to damages and comparable cases only for the purpose of showing that the amount in controversy exceeds the jurisdictional minimum. Walmart denies that Plaintiffs' claims and the claims of any potential class member are with merit and denies that any class member is entitled to any relief whatsoever and further denies that the action is appropriate for class certification. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C. § 1332(d)(6).

### 1. *Plaintiffs' Claimed Individual and Class Statutory Damages Places Over $5,000,000 in Controversy.*

30. Plaintiffs seek $5,000 in statutory damages for themselves and each putative Class member under RCW 49.62.080. Though Walmart denies that Plaintiffs and the putative class members are entitled to any relief, denies that the case should be certified as a class action, and denies any plaintiff is entitled to any relief whatsoever, a preliminary analysis suggests that at least over 1,000 employees of Walmart meet the class definition, placing at least $5,000,000 (a minimum of 1,000 putative Class Members multiplied by $5,000 statutory damages) in controversy. Ex. 1, ¶ 47.

### 2. *Plaintiffs' Claim for Attorneys' Fees Places at least $362,500 in Controversy.*

31. Attorneys' fees may be considered under the amount in controversy when authorized by law. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") (internal quotation omitted).

32. Here, Plaintiffs seeks attorneys' fees under RCW 49.62.080, and those fees can be considered for purposes of calculating the amount in controversy. Ex. 1, ¶ 47.

33. The Court can consider not only fees incurred by the time of removal but estimated reasonable future fees through the end of the case. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

34. Factors to be considered in awarding attorneys' fees include consideration of local awards/prevailing rates, the hourly rate of plaintiff's counsel, and the number of hours counsel would likely spend on the case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1110, 1115 (9th Cir. 2008). Plaintiff's counsel working on employment class action cases in federal trial courts in



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

the Ninth Circuit may spend many hours in pursuing a matter. *See, e.g.*, *Nwauzor v. GEO Grp., Inc.*, No. 3:17-cv-05769-RJB, Dkt. 565 (2021 U.S. Dist. LEXIS 238949, at *4) (W.D. Wash. Dec. 14, 2021) & Dkt. 537 (awarding $1,418,671.43 in attorney's fees in Washington wage and hour class action where plaintiff's counsel requested rates up to $650 per hour); *Ridgeway v. Wal-Mart Stores Inc.,* 269 F. Supp. 3d 975, 1003 (N.D. Cal. 2017) (awarding fees in wage and hour class case where ten thousand hours of work resulted in lodestar of $6,491,662.12); *Gessele v. Jack in the Box, Inc.*, No. 3:14-CV-01092-HZ, 2024 U.S. Dist. LEXIS 67942, at *43 (D. Or. Apr. 14, 2024) (in employment class action awarding $1,697,237.20 after hours reduction where plaintiff's counsel sought compensation for 6,140.5 hours with an hourly rate ranging up to $529.75).

35. Here, 450 hours is a reasonable estimate of the number of hours Plaintiffs' counsel likely will spend litigating Plaintiffs' and the putative Class members' claims through trial, based on these allegations and a comparison of similar cases. Anticipated litigation activities include pretrial case management and discovery conferences; class- and individual- related discovery and class certification motions practice; depositions of Plaintiffs, putative class members, Walmart witnesses, and likely experts; potential dispositive motions and discovery motions; trial; and, if successful, the arrangement of a class claim administration procedure. Therefore, 450 hours of attorney time represents a reasonable estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution of this case.

36. In another recent litigation, Plaintiffs' counsel sought an hourly rate of $725. *Decl. of Timothy W. Emery in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement*, *Awbrey v. Lancesoft, Inc.*, No. 24-2-12844-1 SEA, at 9 (King Cnty. Super. Ct. June 24, 2025). Accordingly, 450 hours of attorney time at a billing rate of $725 an hour equates with $326,250 in attorneys' fees.

37. Plaintiffs' claims more likely than not place at least $5,000,000 in controversy:



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

| Remedy Requested | Amount in Controversy |
|---|---|
| Statutory damages for at least 1,000 class members | $5,000,000 |
| Plaintiffs' attorneys' fees | $326,250 |
| Total | $5,326,250.00 |

38. Walmart denies Plaintiffs' allegations, denies that they are entitled to any relief whatsoever, denies that this action should be certified as a class action, and reserves the right to challenge the reasonableness of any fee award. Regardless, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2), based on the allegations contained in the Complaint.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

39. In accordance with 28 U.S.C. § 1446(d), Walmart will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of King County and will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiffs as reflected by the Certificate of Service.

40. In accordance with Local Civil Rule 101(c), within fourteen days of filing this Notice of Removal, Walmart shall file copies of all additional records and proceedings in the King County Superior Court for this matter, together with Walmart's counsel's verification that they are true and complete copies of all records and proceedings in the State Court Litigation.

## VI. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Walmart removes this action to this Court from the Superior Court of Clark County, Washington, and requests that this Court assume full jurisdiction over this matter as provided by law. In the event the Court questions the existence of jurisdiction, or Plaintiffs move to remand, Walmart expressly and respectfully requests the opportunity for a hearing on the issue and to submit further evidence in support of jurisdiction.

///

///



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Respectfully submitted this 20th day of March, 2026.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Adam T. Pankratz*
By: */s/ E. Ashley Paynter*
By: */s/ Lauren S. Titchbourne*
Adam T. Pankratz, WSBA #50951
E. Ashley Paynter, WSBA #58857
Lauren S. Titchbourne, WSBA #54565
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone: (206) 693-7057
Facsimile: (206) 693-7058
Email: adam.pankratz@ogletree.com
ashley.paynter@ogletree.com
lauren.titchbourne@ogletree.com

*Attorneys for Defendant Walmart Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2026, I served the foregoing NOTICE OF REMOVAL via the method(s) below on the following parties:

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani Jr., WSBA #59991
Hannah M. Hamley, WSBA #59020
EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
Email: emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com

*Attorneys for Plaintiffs Kathleen Rehak and Christopher Burney*

☒ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last-known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☒ by **e-mailing** a true and correct copy to the last-known email address of each person listed above.

SIGNED THIS 20th day of March, 2026 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Cheryl L. Kelley*
Cheryl L. Kelley, Practice Assistant
cheryl.kelley@ogletree.com